**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RAYTHEON COMPANY | |
| Plaintiff, | CIVIL ACTION NO:  2:15-cv-342 |
| v. | **JURY TRIAL DEMANDED** |
| SONY KABUSHIKI KAISHA (A/K/A SONY CORPORATION), SONY CORPORATION OF AMERICA, SONY SEMICONDUCTOR CORPORATION, SONY EMCS CORPORATION, SONY ELECTRONICS, INC., SONY MOBILE COMMUNICATIONS, INC., SONY MOBILE COMMUNICATIONS AB AND SONY MOBILE COMMUNICATIONS (USA), INC., OMNIVISION TECHNOLOGIES, INC., AND APPLE, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Raytheon Company ("Raytheon"), makes this Complaint for Patent Infringement ("Complaint") against Defendants Sony Kabushiki Kaisha (aka "Sony Corporation"), Sony Corporation of America, Sony Semiconductor Corporation, Sony EMCS Corporation, Sony Electronics, Inc., Sony Mobile Communications, Inc., Sony Mobile Communications AB and Sony Mobile Communications (USA), Inc. (collectively, "Sony"); Defendant OmniVision Technologies, Inc. ("OmniVision"); and Defendant Apple, Inc. ("Apple") (collectively,  Sony, OmniVision, and Apple are referred to herein as "Defendants"), wherein, pursuant to 35 U.S.C. §§ 271 and 281, Raytheon seeks a judgment of infringement by Defendants of U.S. Patent No. 5,591,678 (the "'678 Patent") and damages resulting therefrom

pursuant to 35 U.S.C. § 284, and such other relief as the Court deems just and proper.  In support Raytheon alleges the following.

## THE PARTIES

1.      Plaintiff, Raytheon Company ("Raytheon") is a Delaware corporation and is headquartered at 870 Winter Street Waltham, MA 02451.  Raytheon has multiple locations within the State of Texas, including its Plano and McKinney locations within this Judicial District.

2.      On information and belief, Sony Kabushiki Kaisha (aka "Sony Corporation") is a corporation organized under the laws of Japan and is headquartered at 7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan.  On information and belief, Sony Corporation is the worldwide parent corporation for the other Sony entities named herein, and is responsible, through itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, for at least Sony's infringing activities and products described below.

3.      On information and belief, Sony Corporation of America is a corporation organized under the laws of the State of New York and is headquartered at 550 Madison Avenue, 27th Floor, New York, NY 10022.  On information and belief, Sony Corporation of America is the United States headquarters of Sony Corporation and is responsible, through itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, for at least Sony's infringing activities and products described below.

4.      On information and belief, Sony Semiconductor Corporation is a corporation organized under the laws of Japan and is headquartered at 2-3-2 Momochihama, Sawara-ku, Fukuoka, 814-0001, Japan.   On information and belief, Defendant Sony Semiconductor

Corporation is a wholly-owned and controlled subsidiary of Sony Corporation and is an affiliate of Sony Corporation of America.

5.      On information and belief, Sony EMCS Corporation is a corporation organized under the laws of Japan and is headquartered at 7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan. On information and belief, Defendant Sony EMCS Corporation is a wholly-owned and controlled subsidiary of Sony Corporation and is an affiliate of Sony Corporation of America.

6.      On information and belief, Sony Electronics, Inc. is a corporation organized under the laws of the State of Delaware and is headquartered at 16530 Via Esprillo, San Diego, California 92127.   On information and belief, Defendant Sony Electronics, Inc. is a wholly-owned and controlled subsidiary of Sony Corporation and/or Sony Corporation of America.

7.      On information and belief, Sony Mobile Communications AB is a corporation organized under the laws of Sweden and is headquartered at 221 88 Lund, Sweden.   On information and belief, Defendant Sony Mobile Communications AB is a wholly-owned and controlled subsidiary of Sony Corporation and is an affiliate of Sony Corporation of America.

8.      On information and belief, Sony Mobile Communications, Inc. is a corporation organized under the laws of Japan and is headquartered at W-building 1- 8-15 Konan 1-chome, Minato-ku, Tokyo, 108-0075, Japan.   On information and belief, Defendant Sony Mobile Communications, Inc. is a wholly-owned and controlled subsidiary of Sony Mobile Communications AB and is an affiliate of Sony Corporation of America and/or Sony Mobile Communications, Inc.

9.      On information and belief, Sony Mobile Communications (USA), Inc. is a corporation organized under the laws of the State of Delaware and is headquartered 3333 Piedmont Road, Suite 600, Atlanta, Georgia 30305.  On information and belief, Defendant Sony

Mobile Communications (USA), Inc. is a wholly-owned and controlled subsidiary of Sony Mobile Communications AB and is an affiliate of Sony Corporation of America.

10.     On information and belief, OmniVision Technologies, Inc. ("OmniVision") is a corporation organized under the laws of the State of Delaware and is headquartered at 4275 Burton Drive Santa Clara, California 95054.

11.     On information and belief, Apple, Inc. ("Apple") is a corporation organized under the laws of the State of California and is headquartered at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

12.     This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

13.     Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b).

14.     This Court has personal jurisdiction over Sony.  On information and belief, Sony has sufficient minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Sony has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas.  On information and belief, Sony has conducted and does conduct business within the State of Texas and within the Eastern District of Texas.  Sony directly or through intermediaries (including distributors, retailers, and others), ships distributes, offers for sale, and/or sells its products in the United States, the State of Texas, and the Eastern District of Texas.

15.     On information and belief, and as discussed below, Sony has committed acts of patent infringement within the State of Texas and within the Eastern District of Texas.  On

information and belief, Sony purposefully and voluntarily placed one or more of its products made by the '678 Patent process, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas and within the Eastern District of Texas before the expiration of the '678 Patent.

16.     This Court has personal jurisdiction over OmniVision.  On information and belief, OmniVision has sufficient minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, OmniVision has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas.  On information and belief, OmniVision has conducted and does conduct business within the State of Texas and within the Eastern District of Texas.  OmniVision directly or through intermediaries (including distributors, retailers, and others), ships distributes, offers for sale, and/or sells its products in the United States, the State of Texas, and the Eastern District of Texas.

17.     On information and belief, and as discussed below, OmniVision has committed acts of patent infringement within the State of Texas and within the Eastern District of Texas. On information and belief, OmniVision purposefully and voluntarily placed one or more of its products made by the '678 Patent process, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas and within the Eastern District of Texas before the expiration of the '678 Patent.

18.     This Court has personal jurisdiction over Apple.  On information and belief, Apple has sufficient minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Apple has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern

District of Texas.  On information and belief, Apple has conducted and does conduct business within the State of Texas and within the Eastern District of Texas.  Apple directly or through intermediaries (including distributors, retailers, and others), ships distributes, offers for sale, and/or sells its products in the United States, the State of Texas, and the Eastern District of Texas.

19.     On information and belief, and as discussed below, Apple has committed acts of patent infringement within the State of Texas and within the Eastern District of Texas.  On information and belief, Apple purposefully and voluntarily placed one or more of its products made by the '678 Patent process, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas and within the Eastern District of Texas before the expiration of the '678 Patent.

### JOINDER

20.     On information and belief, the right to relief asserted against Defendants under Count I of this Complaint arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, selling, offering and/or importing of microelectronic devices made during the term of the '678 Patent by a process or processes that fall within the scope of one or more claims of the '678 Patent, and/or products incorporating any such microelectronic devices.  Therefore, questions of fact common to all Defendants will arise in this action and joinder of Defendants under 35 U.S.C. § 299 is proper.

### COUNT I
### (INFRINGEMENT OF '678 PATENT)

21.     Raytheon refers to and incorporates herein the allegations of paragraphs 1-20.

22.     On January 7, 1997, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,591,678 entitled "Process of Manufacturing a

Microelectric Device using a Removable Support Substrate and Etch-Stop" ("the '678 Patent"). Though now expired, the '678 Patent is and was valid and enforceable at this time and during the entirety of its term.  A true and correct copy of the '678 Patent is attached hereto as Exhibit A.

23.     Presently, and during all times herein relevant, Raytheon, including any pertinent entity acquired by Raytheon, has been and is the sole owner of all right, title and interest in the '678 Patent, including the right to recover for past infringement.

24.     On information and belief, Sony, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '678 Patent pursuant to 35 U.S.C. § 271, including at least 35 U.S.C. § 271(g), by importing into the United States or offering to sell, selling, or using within the United States certain microelectronic devices that were made during the term of the '678 Patent by a process or processes that fall within the scope of one or more claims of the '678 Patent ("the '678 Patent Processes"), without authority from Raytheon, including but not limited to devices known as the Sony "Exmor R" and "Sony Exmor RS" back-illuminated complementary metal oxide semiconductor ("CMOS") image sensors, as well as other microelectronic devices made by the '678 Patent Processes (collectively, the "Sony Microelectronic Devices").

25.     On information and belief, and as an example, Sony, including entities such as Sony Semiconductor Corporation, working at the direction of and/or under the control of Sony Corporation and/or Sony Corporation of America, used or caused others to use the '678 Patent Processes during the term of the '678 Patent to make all or a substantial portion of the Sony Microelectronic Devices that were used, sold, offered for sale, and/or imported within or into the United States in violation of at least 35 U.S.C. § 271(g).

26.     On information and belief, and as another example, Sony, including entities such as Sony EMCS Corporation and/or Sony Electronics, Inc., working at the direction of and/or under the control of Sony Corporation and/or Sony Corporation of America, used, sold, offered for sale, and/or imported within or into the United States certain devices that incorporate the Sony Microelectronic Devices made using the '678 Patent Processes during the term of the '678 Patent in violation of at least 35 U.S.C. § 271(g), including but not limited to devices within the Sony "Cyber-shot ® DSC-HX" family of digital cameras (including, but not limited to the DSC-HX50V and DSC-HX300), the Sony "Cyber-shot ® DSC-RX" family of digital cameras (including, but not limited to the DSC-RX100 II), the Sony "Cyber-shot ® DSC-TX" family of digital cameras (including, but not limited to the DSC-TX30), the Sony "Cyber-shot ® DSC-WX" family of digital cameras (including, but not limited to the DSC-WX9, DSC-WX80 and DSC-WX300), the Sony "Handycam ® HDR-PJ" family of digital camcorders (including, but not limited to the HDR-PJ430, HDR-PJ650 and HDR-PJ790), and the Sony "NXCAM HXR-NX" family of professional camcorders (including, but not limited to the HXR-NX30U and the HXR-NX70U) (the foregoing collectively, the "Sony Infringing Camera Products").

27.     On information and belief, and as another example, Sony, including entities such as Sony Mobile Communications Inc., Sony Mobile Communications AB and/or Sony Mobile Communications (USA), Inc., working at the direction of and/or under the control of Sony Corporation and/or Sony Corporation of America, used, sold, offered for sale, and/or imported within or into the United States certain devices that incorporate the Sony Microelectronic Devices made using the '678 Patent Processes during the term of the '678 Patent in violation of at least 35 U.S.C. § 271(g), including but not limited to tablets and smartphones within the Sony Xperia™ family of tablets and smartphones (including, but not limited to the "Xperia acro S,"

"Xperia L," "Xperia M," "Xperia SL," "Xperia SP," "Xperia T," "Xperia TL," "Xperia Z," and "Xperia ZL") (the foregoing collectively, the "Sony Infringing Mobile Devices") and within the family of the Apple Products.

28.     Sony has been on actual notice of the '678 Patent since no later than August 2013 when Raytheon provided Sony with information showing the substantial likelihood, pursuant to 35 U.S.C. § 295, that the process(es) that Sony used to manufacture the Sony Microelectronic Devices during the term of the '678 Patent, fall within the scope of one or more claims of the '678 Patent.

29.     Pursuant to 35 U.S.C. § 295, Raytheon requested that Sony reveal its process(es) for making the Sony Microelectronic Devices and has otherwise made reasonable efforts to determine the process(es) that Sony used during the term of the '678 Patent to manufacture the Sony Microelectronic Devices.  To date, Sony has refused to reveal the process(es) it used during the term of the '678 Patent to manufacture the Sony Microelectronic Devices.  Therefore, pursuant to at least 35 U.S.C. § 295, the Sony Microelectronic Devices shall be presumed to have been made by processes that infringe the '678 Patent and the burden of establishing that the Sony Microelectronic Devices were not made by infringing processes shall be on Sony.

30.     On information and belief, with actual notice of the '678 Patent and its applicability to the process(es) that Sony used to manufacture Sony Microelectronic Devices during the term of the '678 Patent, as described above, Sony induced infringement of the '678 Patent during its term in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import Sony Microelectronic Devices in a manner that constitutes infringement of one or more claims of the '678 Patent pursuant to at least 35 U.S.C. § 271(g).  On information and belief, this inducing

activity was ongoing during the term of the '678 Patent and did not stop after Sony received actual notice of the '678 Patent as described above.

31.     As a result of Sony's infringement of the '678 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Sony damages adequate to compensate for such infringement, which have yet to be determined.

32.     On information and belief, despite its knowledge of the '678 Patent, Sony made the decision to continue to use the '678 Patent Processes and thus infringe the '678 Patent during its term.  As a result, Sony's infringement following Sony's knowledge of the '678 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

33.     On information and belief, OmniVision, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '678 Patent pursuant to 35 U.S.C. § 271, including at least 35 U.S.C. § 271(g), by importing into the United States or offering to sell, selling, or using within the United States certain microelectronic devices that were made during the term of the '678 Patent by a process or processes that fall within the scope of one or more claims of the '678 Patent ("the '678 Patent Processes"), without authority from Raytheon, including but not limited to devices known as the OmniVision "OV5650" back-illuminated complementary metal oxide semiconductor ("CMOS") image sensor, as well as other microelectronic devices made by the '678 Patent Processes (collectively, the "OmniVision Microelectronic Devices").

34.     On information and belief, and as an example, OmniVision used or caused others to use the '678 Patent Processes during the term of the '678 Patent to make all or a substantial

portion of the OmniVision Microelectronic Devices that were used, sold, offered for sale, and/or imported within or into the United States in violation of at least 35 U.S.C. § 271(g).

35.     On information and belief, and as another example, OmniVision used, sold, offered for sale, and/or imported within or into the United States the OmniVision Microelectronic Devices for use in one or more of the Apple Products in violation of at least 35 U.S.C. § 271(g).

36.     OmniVision has been on actual notice of the '678 Patent since no later than about September 2013 when Raytheon provided Apple, a customer of OmniVision, with information showing the substantial likelihood, pursuant to 35 U.S.C. § 295, that the process(es) that OmniVision used to manufacture the OmniVision Microelectronic Devices during the term of the '678 Patent, fall within the scope of one or more claims of the '678 Patent.   Upon information and belief, Apple provided OmniVision with this information no later than about September 2013.

37.     Pursuant to 35 U.S.C. § 295, Raytheon requested Apple to reveal the process(es) for making the OmniVision Microelectronic Devices and has otherwise made reasonable efforts to determine the process(es) that OmniVision used during the term of the '678 Patent to manufacture the OmniVision Microelectronic Devices.   To date, OmniVision and Apple have refused to reveal the process(es) used during the term of the '678 Patent to manufacture the OmniVision Microelectronic Devices.   Therefore, pursuant to at least 35 U.S.C. § 295, the OmniVision Microelectronic Devices shall be presumed to have been made by processes that infringe the '678 Patent and the burden of establishing that the OmniVision Microelectronic Devices were not made by infringing processes shall be on OmniVision.

38.     On information and belief, with actual notice of the '678 Patent and its applicability to the process(es) that OmniVision used to manufacture OmniVision Microelectronic Devices during the term of the '678 Patent, as described above, OmniVision induced infringement of the '678 Patent during its term in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging others to use, sell, offer for sale, and/or import OmniVision Microelectronic Devices in a manner that constitutes infringement of one or more claims of the '678 Patent pursuant to at least 35 U.S.C. § 271(g). On information and belief, this inducing activity was ongoing during the term of the '678 Patent and did not stop after OmniVision received actual notice of the '678 Patent as described above.

39.     As a result of OmniVision's infringement of the '678 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from OmniVision damages adequate to compensate for such infringement, which have yet to be determined.

40.     On information and belief, despite its knowledge of the '678 Patent, OmniVision made the decision to continue to use the '678 Patent Processes and thus infringe the '678 Patent during its term.  As a result, OmniVision's infringement following OmniVision's knowledge of the '678 Patent may be willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

41.     On information and belief, Apple, through itself and/or one or more of its entities, subsidiaries, affiliates, business divisions, or business units, directly infringed the '678 Patent pursuant to 35 U.S.C. § 271, including at least 35 U.S.C. § 271(g), by importing into the United States or offering to sell, selling, or using within the United States certain microelectronic devices that were made during the term of the '678 Patent by a process or processes that fall

within the scope of one or more claims of the '678 Patent ("the '678 Patent Processes"), without authority from Raytheon, including but not limited to the Sony Microelectronic Devices or OmniVision Microelectronic Devices.

42.     On information and belief, and as an example, Apple used, sold, offered for sale, and/or imported within or into the United States certain devices that incorporate Sony Microelectronic Devices and/or OmniVision Microelectronic Devices made using the '678 Patent Processes during the term of the '678 Patent in violation of at least 35 U.S.C. § 271(g), including but not limited to devices within the Apple iPhone ® family of smartphones (including, but not limited to the Apple iPhone 4, Apple iPhone 4S, Apple iPhone 5 and Apple iPhone 5S), the Apple iPod ® family of media players (including, but not limited to the Apple iPod Touch 5th Generation) and the Apple iPad ® family of tablet computers (including, but not limited to Apple iPad Mini, Apple iPad with Retina Display and Apple iPad 3) (collectively, the "Apple Products").

43.     Apple has been on actual notice of the '678 Patent since no later than September 2013 when Raytheon provided Apple with information showing the substantial likelihood, pursuant to 35 U.S.C. § 295, that the process(es) used to manufacture Sony Microelectronic Devices and/or OmniVision Microelectronic Devices that were incorporated in the Apple Products during the term of the '678 Patent, fall within the scope of one or more claims of the '678 Patent.

44.     Pursuant to 35 U.S.C. § 295, Raytheon made reasonable efforts to determine the process(es) used during the term of the '678 Patent to manufacture the Sony Microelectronic Devices and/or OmniVision Microelectronic Devices that were incorporated in the Apple Products.  To date, Apple has refused to reveal what process(es) were used during the term of the

'678 Patent to manufacture the Sony Microelectronic Devices and/or OmniVision Microelectronic Devices that were incorporated in the Apple Products.  Therefore, pursuant to at least 35 U.S.C. § 295, the Sony Microelectronic Devices and/or OmniVision Microelectronic Devices that were incorporated in the Apple Products shall be presumed to have been made by processes that infringe the '678 Patent and the burden of establishing that such devices were not made by infringing processes shall be on Apple.

45.    On information and belief, with actual notice of the '678 Patent and its applicability to the process(es) used to manufacture Sony Microelectronic Devices and/or OmniVision Microelectronic Devices during the term of the '678 Patent, as described above, Apple induced infringement of the '678 Patent during its term in violation of at least 35 U.S.C. § 271(b) by, among other things, knowingly and with intent, actively encouraging  others to use, sell,  offer  for  sale,  and/or  import  Sony  Microelectronic  Devices  and/or  OmniVision Microelectronic Devices in a manner that constitutes infringement of one or more claims of the '678 Patent pursuant to at least 35 U.S.C. § 271(g).  On information and belief, this inducing activity was ongoing during the term of the '678 Patent and did not stop after Apple received actual notice of the '678 Patent as described above.

46.    As a result of Apple's infringement of the '678 Patent, Raytheon has suffered damage.  Raytheon is entitled to recover from Apple damages adequate to compensate for such infringement, which have yet to be determined.

47.    On information and belief, despite its knowledge of the '678 Patent, Apple made the decision to continue to incorporate the Sony Microelectronic Devices or OmniVision Microelectronic Devices into the Apple Products and thus infringe the '678 Patent during its term.  As a result, Apple's infringement following Apple's knowledge of the '678 Patent may be

willful, and if so, Raytheon is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## JURY DEMAND

48.     Raytheon demands a trial by jury of any and all issues triable of right before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and Eastern District of Texas Local Rule 38.

## PRAYER FOR RELIEF

49.     WHEREFORE, Raytheon respectfully prays for the following relief:

50.     An order adjudging that Defendants' processes presumptively infringe under 35 U.S.C. § 295;

51.     An order adjudging that Defendants have infringed, directly and indirectly by way of inducing the infringement of, the '678 Patent under 35 U.S.C. § 271;

52.     An order adjudging that Defendants' infringement was willful;

53.     An order adjudging that this case is "exceptional" within the meaning of 35 U.S.C. § 285 against Defendants;

54.     A full accounting for an award of damages to Raytheon for Defendants' infringement of the '678 Patent, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest, costs and disbursements;

55.     An award of Raytheon's reasonable attorneys' fees, expenses, and costs; and

56.     A grant of such other and further equitable or legal relief as this Court may deem just and proper.

Dated: March 6, 2015

Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

Of Counsel

Thomas J. Filarski
Stanley A. Schlitter
Daniel S. Stringfield
Brian Fahrenbach
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Phone:  (312) 577-1300
Email:  tfilarski@steptoe.com
          sschlitter@steptoe.com
          dstringfield@steptoe.com
          bfahrenbach@steptoe.com

**ATTORNEYS FOR PLAINTIFF**
**RAYTHEON COMPANY**